Argued 9 January; decided 29 January, 1900.

**STATE *v.* MARION COUNTY.**

[59 Pac. 814.]

LIABILITY OF COUNTIES TO THE STATE FOR INTEREST ON UNPAID TAXES.— Hill's Ann. Laws, §§ 2790, 2813, requiring the treasurers of certain counties to pay to the state on or before the first Monday of February in each year, the amount of state taxes charged to their respective counties and providing that any balance remaining unpaid thirty days thereafter shall draw interest, contemplated, when enacted, that the county should have a reasonable time after completion of its assessment roll and delivery to the sheriff to collect the money with which to make such payment to the state; but, the assessment laws having since been so amended as to make it physically impossible for the tax roll to be prepared, and the taxes extended thereon, until after the first day of February, and therefore impossible for the sheriff to collect any money prior to that time out of which the state tax can be paid, the requirements of the above sections have thereby been rendered nugatory, and the state cannot recover interest thereunder on the balance of state taxes remaining unpaid after the first day of March of the year succeeding the apportionment.

From Marion : GEORGE H. BURNETT, Judge.

Action by the State of Oregon against Marion County to recover interest upon state taxes apportioned to defendant, and remaining unpaid after the first day of March of succeeding years for which they were apportioned. From a judgment for defendant, the state appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. D. R. N. Blackburn*, Attorney-General, and *John McCourt*.

For respondent there was a brief and an oral argument by *Messrs. Samuel L. Hayden*, District Attorney, and *Geo. G. Bingham*.

MR. JUSTICE BEAN delivered the opinion.

This is an action to recover interest upon state taxes apportioned to the defendant county for the years 1895, 1896, and 1897 for the time they remained unpaid after the first day of March of the succeeding years. The case was tried upon a stipulation of facts, from which it appears that the county assessment roll for the year 1895 was placed in the hands of the sheriff for the collection of taxes in March, 1896, which was the earliest date possible, and that, as fast as the taxes were collected, they were paid by the sheriff to the treasurer, and by such officer immediately paid over to the plaintiff, until the whole amount of the state tax was paid ; and it is agreed that the facts are substantially the same for the years 1896 and 1897. The court below held that the plaintiff could not recover interest on the deferred payments, because it was impossible for the defendant to collect the money with which to pay the state tax within the time required by the law then in force. Section 2813 of the statute (Hill's Ann. Laws), at the time this cause of action accrued, provided that on or before the first Monday of February in each year the county treasurers of certain counties (including Marion) should pay to the state the amount of the state taxes charged to their respective counties out of the first moneys collected and paid into the county treasury. And section 2790, as amended in 1893 (Laws, 1893, p. 47), provides that, if any county shall fail to pay its entire tax within thirty days from the date prescribed in section 2813, the unpaid balance shall become delinquent, and the county shall pay interest thereon from such date until paid. At the time of the enactment of

section 2813 the law required the tax levy to be made by the county court at its September term in each year, and the county clerk, within fifteen days thereafter, to deliver to the sheriff a transcript of the assessment roll, with a warrant attached commanding him to collect the taxes charged thereon : Title IV, Chapter LIII, Comp. Laws, 1845–64. The sheriff therefore had four months at least in which to collect sufficient money with which to pay the state tax before it became delinquent. Since that time the revenue law has been so modified and changed by the amendment of particular sections—apparently without regard to other provisions of the law—that it is now impossible for the assessment roll to reach the hands of the sheriff before the fifteenth of February, and therefore, in the very nature of things, he is unable to collect any moneys out of which the state taxes are to be paid prior to the time they became due under section 2813. Thus, in 1891, the legislature created a State Board of Equalization, and required it to assemble at the state capitol on the first Tuesday in December, and remain in session not more than thirty days. Within five days after its adjournment the Secretary of State was required by the act (since repealed) to report the action of the board to the several county clerks, and they were required to add to or deduct from each tract or lot of real property and each class of personal property the required per centum on the valuation thereof as it stood after being equalized by the county court. Under this law, it was impossible for the county clerk to complete the assessment roll until late in January, if, indeed, by that time.

But in 1893, after the passage of the law requiring the counties to pay interest on delinquent state taxes, and at the same session, the legislature passed an act ''To secure a more convenient mode of assessments and of collecting and paying taxes, and to amend section

2794" of the statute (Laws 1893, p. 116), which provides that all taxes levied by school districts, incorporated towns or cities, shall be upon the valuation of the property as shown by the county assessment roll. And it is made the duty of each school district, incorporated town or city, to notify the clerk of the county court of the tax levy made by it on or before the first day of February in each year; and after all such notices have been received it is made the duty of the county clerk to extend the tax so levied upon the tax roll, and it shall be collected by the same officer, in the same manner, and at the same time that the taxes for county purposes are collected. By section 2794, as so amended, it is made the duty of the county clerk of each county, within fifteen days after the apportionment of the taxes, to make a certificate of the several amounts apportioned to be assessed upon the taxable property in his county for state, county, general and special, school, military, university, and town, city, or other purposes, and deliver the same to the sheriff, together with a warrant commanding him to collect such taxes and turn over the money on or before the first Monday of April next ensuing: Laws 1893, p. 116. It is manifest from these several provisions of the law that it is a physical impossibility for the tax roll to be prepared and the taxes extended thereon until after the first day of February of each year, and, therefore, it is impossible for the sheriff to collect any money prior to that time out of which the state tax can be paid. Section 2813, as originally enacted, contemplated that the county should have a reasonable time after the completion of the assessment roll and its delivery to the sheriff to collect the money with which to pay the state taxes; and while it is, perhaps, competent for the legislature to require the counties to pay their portion of the state tax on or before a certain fixed time, without regard to the

collection thereof, it was evidently not the purpose or intent of that section to require them to do so. At the time it was passed, the counties had ample time in which to make the collection, and it provides that the payment shall be made out of the first moneys collected. The legislature, by subsequently changing and amending the law so that it was impossible for the counties to make the collection within the time specified, rendered the requirements of section 2813, before the amendment of 1899 (Laws 1899, p. 85), in this regard nugatory, and the state ought not, therefore, to be permitted to insist that the counties shall pay interest because of a default which it was impossible for them to avoid on account of the action of the state itself. It follows, therefore, that the judgment of the court below should be affirmed, and it is so ordered.                            AFFIRMED.